Tilghman, C. J.,
after stating the case, delivered the opinion of the Court.
I think the decision was right. The fact was, that the notes on which the defendant obtained judgment, were, at the time of the assault, the property of the defendant and his father, who were partners, under the name of William Guier fi?1 Son, and the defendant afterwards obtained the sole property in them. This he had a right to do. it was a transaction totally unconnected with the assault he had made on the plaintiff, and, therefore, not proper to go to the jury as a circumstance in consideration of which the damages should be increased. The plaintiff’s counsel relied on the case of Sommer v. Wilt, in which the jury gave very high damages, in some measure, as is supposed, because the plaintiff was indebted to the defendant in a large sum, on judgment. But on examining that case, it will be found, that, the plaintiff was not permitted to give the judgment in evidence in order to aggravate the damages. On the contrary, the defendant himself gave the judgment in evidence ; and although, perhaps, the jury did increase the damages from that circumstance, yet the Court did not think proper to grant a new trial, because the plantiff had suffered great injury from the wanton and malicious oppression of the defendant. If the Court had permitted the record of Wilt’s judgment against Sommer, to be given in evidence by Sommer, in order to increase the damages, the case would have been in point; but as the evidence was offered by Will, for his own purposes, the case does not bear upon the point before-us. If the defendant, (Guier,) apprehensive that the plaintiff might obtain heavy damages against him, endeavoured to prepare himself, by purchasing a debt due fx-om the plaintiff to another person, that did not increase the injury sustained by the plaintiff from the previous assault, and was improper evidence, as it might have tended to divert the attention of the jury from the true ground of damages. It might have induced them to give da *401 mages to a greater amount than the plaintiff had sustained, merely because it was in the defendant’s power to pay them very easily by setting off his judgment. I am, therefore, of opinion, that the Judge who tried this cause decided correctly in admitting the evidence of the judgment, for the purpose of shewing the amount of the defendant’s property, and rejecting it for other purposes. The motion for a new trial must be rejected.
New trial refused.